HILL v. CURTIS.

SAME v. HORNTHAL et al.

(Circuit Court, N. D. Illinois. June 27, 1898.)

No. 480.

PATENTS FOR INVENTIONS—INFRINGEMENT—METALLIC CASKETS.

Letters patent No. 482,557, issued September 13, 1892, for an improvement in metal caskets, consisting of a metallic plate top having slitted ends and continuing sides, provided with strengthening ribs, is not infringed by a device having no such ribs except such as run around the slitted end.

These were two suits by Francis H. Hill, one against James C. Curtis, and the other against Louis Hornthal and H. J. Millhauser, to enjoin an alleged infringement of letters patent No. 482,557, issued September 13, 1892, to complainant, for a metallic casket. The novelty claimed by the patentee was in the top of the casket, which is thus described in the specifications:

The top of the casket is cut out of sheet metal in substantially the form shown in Fig. 7. Both ends of the blank are alike, although one end is shown cut away in Fig. 7. The blank is then stamped up into the form shown in Figs. 1, 8, and 9, the top being flat, with a raised groove, D, extending around the flat portion, E, to strengthen it. The triangular slits, F, in the ends of the top, are closed when the ends are bent into the form shown in Figs. 1, 8, and 9, bringing the edges of the pieces G into contact, and they are brazed or soldered together, each joint making a rib, which beautifies and strengthens the oval ends of the cover. The lower edges of these pieces G are soldered to a piece H, which extends around the end of the top of the casket, extending outward, and is secured to the upper edge of the metallic rim or band, I, being grooved over the upper edge thereof, as clearly shown in Fig. 5. There is also a brace plate, J, rigidly secured by solder or otherwise to the lower edge of the rim or band, I, and extending to the lower edges of the pieces G, being soldered rigidly thereto. The side pieces, K, of the metallic top, are bent around the rim or band, I, forming the ledge and shoulders made by the pieces A at the ends, and also the braces, J, as clearly shown in Fig. 9 of the drawings. This construction at the sides of the casket can readily be made from the fact that the sides are straight. The sides, however, are bent in an oval form from the raised grooves, D, downward, and they receive at intervals raised ribs, L, L, to correspond with the ribs at the ends of the casket. These ribs, L, are stamped or swaged up in the metal plate. I is a vertical metallic rim or band extending entirely around the edge of the top of the casket, and is held firmly in position by the means above described. The top of the casket is stiffened, so as to more securely hold this vertical band rigidly in position, by means of the ribs in the beveled ends and sides thereof. The lower edge of this rim, when the top of the casket is in position, rests upon the rubber gasket, C, secured to the body of the casket.

Fig. 1.

Fig. 2.

Coburn & Strong, for complainant.

Moran, Kraus & Mayer and Offield, Towle & Linthicum, for defendant.

GROSSCUP, District Judge. The bill is to restrain infringement of letters patent No. 482,557, issued September 13, 1892, for a new and useful improvement in metallic caskets. The only claim of the patent upon which relief is asked is claim 2, which is as follows:

"In a metallic casket, the metallic plate-top having slitted ends and continuing sides, provided with strengthening ribs, and connected at their edges to a vertical rim, I, and the vertical rim, I, attached to the top and braced vertically, substantially as specified."

The defendants' device has but one slitted end, has no continuing sides, and has no strengthening ribs, except such as run around the slitted end,—a very small portion of the entire top. In other respects the defendants' device seems to be almost an exact copy of the complainant's patent. I seriously doubt whether the omission of one slitted end, and the division of the metal in the sides, so as to make them noncontinuing, would take the defendants' device out of infringe-

ment upon the complainant's patent; but I have no doubt that the omission of strengthening ribs renders the defendants' device noninfringing. The reference to the descriptive portion of the patent and the drawings shows that the sides receive, at intervals, raised ribs to correspond with the ribs at the end of the casket; that these ribs, distributed at intervals, perform an important function, namely, to stiffen the top of the casket so as to more securely hold the vertical band, I, rigidly in position. Now, the omission of this feature of the defendants' casket is a departure in an important particular—at least, in a particular regarded as important by the patentee—from the combination of elements constituting the claim. The defendants' casket, in fact, is not made up of all of the elements of the complainant's claim, nor do they employ mechanical equivalents to supply the omission. The bill must therefore be dismissed for noninfringement.